UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RUTH L. VEAL,

      Plaintiff,

vs.                                          Case No. 12-15695

ONEWEST BANK,                         HON. AVERN COHN

      Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**
**(Doc. 3)**
**AND**
**DISMISSING CASE**[1]

**I. Introduction**

This is another one of many cases pending in this district involving a default on a mortgage. Plaintiff Ruth L. Veal is suing defendant OneWest Bank (OneWest) making several claims relating to the mortgage and foreclosure proceedings. Foreclosure by advertisement proceedings have concluded and the redemption period has expired. Nevertheless, plaintiff contends that she has a right to the property. The complaint asserts the following claims:

      Count I         quiet title

      Count II        assignment of mortgage without the note

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Count III        unjust enrichment

Count IV        breach of implied agreement, specific performance

Count V         breach of M.C.L. § 3205

Before the Court is OneWest's motion to dismiss under Fed. R. Civ. P. 12(b)(6) or for summary judgment under Fed. R. Civ. P. 56.  For the reasons that follow, the motion will be granted.

## II.  Background

This case involves real property located at 3831 Wellington Street, Inkster, Michigan.  On December 19, 2007, plaintiff obtained a $92,150.00 loan from IndyMac Bank to purchase the property.  Plaintiff executed a note evidencing the loan.  As security for the loan, plaintiff executed a mortgage in which she gave a mortgage interest to Mortgage Electronic Registration Systems, Inc. (MERS) acting "solely as nominee for Lender and Lender's successors and assigns"  MERS is listed as the mortgagee on the mortgage.   IndyMac bank is listed as the lender on the mortgage.

On March 30, 2012, MERS, on behalf of IndyMac Bank, assigned the mortgage to OneWest.

Plaintiff defaulted on the loan.  Indeed, the record shows that plaintiff last made a payment on the loan in October 2011.  OneWest began foreclosure by advertisement proceedings due to plaintiff's default.

Meanwhile, on May 22, 2012, plaintiff received a letter from OneWest stating she was approved to enter a conditional Trial Period Plan under the Home Affordable Modification Plan (HAMP) towards obtaining a loan modification.  In other words, plaintiff was offered a trial loan modification under a trial offer.  The letter stated, among

2

other things, that plaintiff must contact OneWest and/or submit a payment by June 1, 2012 to indicate acceptance of the trial offer.  She also had to sign the letter and return it to OneWest.  The letter also stated that to accept the trial offer, she had to make payments in July, August, and September 2012.  Plaintiff did not make any payments or take any action by June 1, 2012.

On June 6, 2012, OneWest wrote to plaintiff stating that because she had not timely responded to the May 22, 2012 trial offer, her "loan would not be modified." Plaintiff again took no action.

On July 12, 2012, OneWest purchased the property at a foreclosure sale for $80,661.73.  OneWest quit claimed its interest in the property to Fannie Mae on July 17, 2012.   Plaintiff's right to redeem the property expired on January 12, 2013.  Plaintiff did not redeem.  Instead, prior to expiration of the redemption period, on December 5, 2012, plaintiff filed a complaint in state court seeking to rescind the foreclosure sale and void the sheriff's deed and asserting the claims set forth above.  OneWest timely removed the case to federal court and filed the instant motion.

### III.  Legal Standards

### A.  Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  See Albright v. Oliver, 510 U.S. 266 (1994); Bower v. Fed. Express Corp., 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise

3

a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

## B.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of

4

evidence to support the nonmoving party's case."  Celotex Corp. v. Catrett, 477 U.S.

317, 325 (1986).  Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to

properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may

consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do

more than simply show that there is some metaphysical doubt as to the material facts."

Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Ultimately a district court must determine whether the record as a whole presents a

5

genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," <u>Hager v. Pike County Bd. Of Education</u>, 286 F.3d 366, 370 (6th Cir. 2002).

## IV.  Setting Aside the Foreclosure

As an initial matter, to the extent plaintiff argues that because of the statutory violations that she alleges OneWest committed, the foreclosure sale of the property should be declared void *ab initio*, it is not well-taken.  A recent Michigan Supreme Court decision held, contrary to an earlier Sixth Circuit decision, that under Michigan law a failure to comply with the requirements of Michigan's foreclosure by advertisement statute renders the foreclosure voidable, not void *ab initio*.  <u>See Kim v. JPMorgan Chase Bank, N.A.</u>, 493 Mich. 98, 114 (reviewing <u>Davenport v. HSBC Bank USA</u>, 275 Mich. App. 344 (2007), the decision the Sixth Circuit relied upon for its contrary holding in <u>Mitan v. Fed. Home Loan Mortg. Corp.</u>, ___ F.3d ___, 2012 WL 6200257 (6th Cir. Dec. 12, 2012), and holding that "<u>Davenport's</u> holding was contrary to the established precedent of [the Michigan Supreme] Court.").  Thus, under controlling Michigan law, the foreclosure sale cannot be declared void *ab initio*.  <u>See Savedoff v. Access Group, Inc.</u>, 524 F.3d 754, 762 (6th Cir. 2008) (observing that federal courts must follow the decisions of the state's highest court when applying state law).  So, the issue this Court must now address is whether, under Michigan law, the foreclosure sale on the property is voidable, or could be set aside, on the facts alleged.

The Michigan Supreme Court's recent decision in <u>Kim</u> instructs on this issue as well.  "[T]o set aside the foreclosure sale, plaintiffs must show that they were prejudiced

6

by defendant's failure to comply with [Michigan's foreclosure by advertisement statute]." Id. at 115.  "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute."  Id. at 116.  The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that plaintiffs must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered.  Id. at 120-21.  These include: (1) "whether plaintiffs were misled into believing that no sale had been had;" (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their complaint;" (3) "whether plaintiffs made an effort to redeem the property during the redemption period;" (4) "whether plaintiffs were represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property."  Id. at 121.  (Markman, J. concurring) (internal quotation marks and citations omitted).

Applying Kim, plaintiff cannot establish the prejudice required to set aside the foreclosure sale of the property.  This is so because none of plaintiff's claims relating to her mortgage and the foreclosure proceedings are viable, as explained below.

### V.  Plaintiff's Claims

### A.  Count I - Quiet Title

In count I, plaintiff seeks to quiet title.  In order to properly allege a quiet title claim, plaintiff must meet the requirements set forth in M.C.R. § 3.411, or, for a federal cause of action, 28 U.S.C.  § 2409a(d).  These rules require that plaintiff properly allege

7

his or her ownership interest in the property.  M.C.R. § 3.411(B) states, "(2) The complaint must allege, (a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim."  28 U.S.C. § 2409a(d) states,"[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States."  Moreover, plaintiff must show that he has title to the property superior to claims by others with an interest in the property.  Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n, 236 Mich. App. 546, 550 (1999) ("In an action to quiet title, the plaintiff have the burden of proof and must make out a prima facie case of title")

Under Michigan law, following foreclosure, the rights and obligations of the parties are governed by statute.  Senters v. Ottawa Sav. Bank, FSB, 443 Mich. 45, 50-53 (1993).  Upon expiration of the statutory redemption period, the purchaser of a sheriff's deed is vested with "all the right, title, and interest" in the property.  See Mich. Comp. Laws § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942).  Generally, once the redemption period has expired, all of the mortgagor's rights to the property are extinguished as a matter of law.  Williams v. Pledged Prop. II, LLC, 2012 WL 6200270, at *2 (6th Cir. Dec. 13, 2012) (citing M.C.L. § 600.3236; Piotrowski v. State Land Office Bd., 302 Mich. 179 (1942)).  Notwithstanding, however, "Michigan courts allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in order to keep a plaintiff's suit viable, provided [plaintiff] makes a clear showing of fraud,

8

or irregularity by the defendant." El-Seblani v. IndyMac Mortg. Servs., 2013 WL 69226, at *3 (6th Cir. 2013) (citing Schulthies v. Barron, 16 Mich App. 246 (1969)); Freeman v. Wozniak, 241 Mich. App. 633 (2000) (internal quotation marks omitted)); see also Houston v. U.S. Bank Home Mortg. Wisconsin Serv., 2012 WL 5869918, at *5 (6th Cir. Nov. 20, 2012) ("Because she is outside of the redemption period, [plaintiff] can undo the divestment of her property right only if there was fraud, accident, or mistake.").

Here, plaintiff has not made a showing of fraud or irregularity sufficient to unwind the foreclosure sale. Indeed, there "must be a clear showing of fraud or irregularity as to the foreclosure proceeding itself, and not simply as to any conduct by a defendant." Houston, 2012 WL 5869918, at *5. That is not the case here. Plaintiff has not alleged, nor has she proffered any evidence, that there was fraud or an irregularity that occurred during the foreclosure process. Rather, plaintiff claims that OneWest "intentionally" precluded her from obtaining a loan modification and that the foreclosure took place without allowing her to modify her loan. These unsupported allegation are insufficient.

Moreover, any claim sounding in fraud is subject to the heightened pleading requirements under Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); see also Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984). The complaint fails to meet this pleading requirement.

Plaintiffs' quiet title claim fails for an additional reason. The Sixth Circuit has recently held that a quiet title claim is a remedy, and not a separate cause of action. Goryoka v. Quicken Loan, Inc., 2013 WL 1104991, at *3 (6th Cir. March 18, 2013).

### B.  Count II - Assignment of the Mortgage Without the Note

9

In Count II, plaintiff alleges that OneWest is not the holder of the note, that the note was not properly assigned to OneWest, and that OneWest has failed to provide a copy of the note.  This claim fails.

First, to the extent plaintiff challenges the MERS's assignment of the mortgage, such a claim must be dismissed.  The Michigan Supreme Court has made clear that under Michigan law a mortgage granted to MERS as nominee for lender and lender's successors and assigns is a valid and assignable mortgage.  Residential Funding Co., LLC v. Saurman, 490 Mich. 909 (2011).  See also Matthews v. Mortgage Electronic Registration Systems, Inc., 2011 WL 2560329 (E.D. Mich. April 5, 2011).  Saurman made clear that MERS can assign a mortgage.

Second, plaintiff lacks standing to challenge the assignment.  As explained in Livonia Property Holdings, L.L.C. v 12840-12976 Farmington Road Holdings, L.L.C., 717 F. Supp. 2d 724, 735 (E.D. Mich 2010):

> Plaintiff, as a mortgagor subject to foreclosure by advertisement, certainly has standing to challenge whether Defendant has complied with the statutory requirements for that foreclosure.  But it does not have standing to go beyond the statutory requirements to inspect each and every aspect of every contract or agreement between any predecessor and successor mortgagee, searching for "irregularities" and noncompliance * * * Plaintiff cannot avoid its contractual obligations under the Loan Documents (including the contractual right of foreclose [sic] by advertisement contained within the Mortgage) by arguing that the assignments of those documents were invalid or ineffective.

This is particularly true in this case because in the mortgage plaintiff granted MERS (solely as nominee for Lender and Lender's successors and assigns) a mortgage on the property, and expressly agreed to:

> mortgage, warrant, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors

10

and assigns of MERS, with power of sale, the [property].

Having given MERS the right to assign the mortgage, plaintiff cannot now contend that MERS did not have the right to assign it.  See Corgan v Deutsche BankNational Trust Co, 2010 WL 2854421, at *3 (W.D. Mich. July 20, 2010); Hilmon v Mortgage Electronic Registration Systems, Inc, 2007 WL 1218718 (E.D. Mich. April 23, 2007).

Moreover, the Sixth Circuit has observed in a recent mortgage foreclosure case that "any defect in the written assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms, and that [the plaintiff], as stranger to the assignment, lacked standing to challenge its validity."  Yuille v. Am. Home Mortg. Servs., Inc., 483 F. App'x 132, 135 (6th Cir. 2012) (internal citations omitted).[2]  Thus, OneWest is entitled to judgment on count II.

## C. Count III - Unjust Enrichment

OneWest says it is entitled to a judgment on count III, claiming unjust enrichment, because the subject matter of the dispute is governed by a written contract. The Court agrees.  "[T]o sustain the claim of unjust enrichment, plaintiff must establish (1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant."  Belle Isle Grill Corp. v. Detroit, 256 Mich. App. 463, 478 (2003), (citing Barber v. SMH (US), Inc., 202 Mich. App. 366, 375 (1993)).  "If this is established, the law will imply a contract in order to

---

[2]To the extent the decision in Talton v. BAC Home Loans Servicing LP, 839 F. Supp. 2d 896 (E.D. Mich. 2012) holds otherwise, the Court declines to adopt its reasoning and result.

11

prevent unjust enrichment." Belle Isle Grill Corp., 256 Mich. App. at 478, (citing Martin v. East Lansing School Dist., 193 Mich. App. 166, 177 (1992)). "However, a contract will be implied only if there is no express contract covering the same subject matter." Id.

Here, the mortgage and note form an express written contract between the parties, which precludes a claim for unjust enrichment. Moreover, plaintiff has not alleged that OneWest received a benefit from her. Plaintiff failed to pay and defaulted on her loan. OneWest acted in accordance with its rights under the mortgage and note. In short, plaintiff has not made out a viable claim for unjust enrichment.

### D. Count IV - Breach of Implied Agreement, Specific Performance

Plaintiff's claim for breach of an implied agreement is based on alleged statements concerning a loan modification. Plaintiff alleges that OneWest failed to negotiate in good faith to modify her loan. Such allegations, however, fail to state a plausible claim for breach of an agreement. Notably, plaintiff has not alleged that OneWest actually promised to modify the loan.

In any event, Michigan's statute of frauds specifically prohibits any action against a financial institution, like OneWest, to enforce a promise or commitment to modify a loan agreement unless it is in writing. The statute provides in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) **A promise or commitment to** renew, extend, **modify**, or permit a delay in **repayment or performance of a loan**, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit,

or other financial accommodation.

M.C.L. § 566.132(2) (emphasis added).  Michigan courts have applied section 566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the bank. See Crown Technology Park v. D&N Bank, FSB, 242 Mich. App. 538, 549 (2000).

Here, plaintiff's claims for breach of implied agreement arises out of, at best, an alleged oral promises concerning a loan modification.  Because plaintiff has not alleged the existence of a writing signed by OneWest confirming a loan modification, the claim must be dismissed as barred by the statute of frauds.

### E.  Count V - Breach of M.C.L. § 600.3205c

In count V, plaintiff alleges that OneWest failed to follow section 600.3205c because it did not modify her mortgage.  This claim fails.

First, Michigan law provides that before a bank can foreclosure on a home, the lender must provide the homeowner with notice designating a point of contact for a loan modification.  M.C.L. § 600.3205a(1).  As of December 2011, a borrower may contact the lender directly.  Id. § 600.3205b.  The lender then must meet with the homeowner to attempt to work out a modification.  If negotiations fails, the lender must still calculate whether the homeowner qualifies for a modification and provide them with a copy of the calculations.  Id. § 600.3205c(5).

Here, as set forth above, OneWest notified plaintiff that she was eligible to participate in a trial loan modification and sent her a trial offer.  Plaintiff failed to timely respond.  Plaintiff does not allege that she failed to receive the letter or that she contacted a housing counselor or OneWest prior to the foreclosure.  Plaintiff simply

13

states she requested a loan modification.  Bare allegations are insufficient to show

OneWest failed to comply with the foreclosure by advertisement statute.  Indeed, the

record shows the contrary - OneWest did comply; plaintiff simply failed to do her part.

Putting aside that plaintiff has not allege she was entitled to a loan modification,

M.C.L. § 600.3205c does not require OneWest to modify any specific loan, and it does

not provide any basis for unwinding the foreclosure.  In other words, even if OneWest

failed to comply, plaintiff cannot receive the remedy she seeks - legal title.  Rather, the

statute provides a borrower with an opportunity to enjoin the sale and force the

foreclosure to be conducted under the judicial foreclosure process if the foreclosure is

conducted in violation of the statute.  See M.C.L. § 600.3205c(8).  Unless the borrower

timely files a complaint seeking such relief, nothing prevents the lender from foreclosing

by advertisement.  Id.  The statute does not provide a plaintiff with a cause of action to

seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and

concluded that a borrower's sole relief for an alleged violation of the loan modification

statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior

to the sale.  See Stein v. U.S. Bancorp, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24,

2011) ("The provision allows certain borrowers to determine the type of foreclosure

proceeding, not to avoid foreclosure altogether or set aside an already-completed

foreclosure." (emphasis in original)); Adams v. Wells Fargo Bank, N.A., 2011 WL

3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's

failure to agree to a modification, he failed to show that he is entitled to the requested

relief.  The plain language of § 600.3205c(8) limits his relief.  It does not authorize the

14

Court to set aside the foreclosure.").  The Sixth Circuit recently held the same.  <u>See</u>
<u>Block v. BAC Home Loans Servicing, L.P.</u>, 2013 WL 1223892, *2 (Mar. 26, 2013).
Thus, even if plaintiff could show she was is entitled to a loan modification, she cannot
obtain the relief she seeks in the form of setting aside the foreclosure sale.  Accordingly,
OneWest is entitled to judgment on count V.

### VI. Conclusion

For the reasons stated above, OneWest's motion to dismiss or for summary
judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.


 S/Avern Cohn                                      
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  April 23, 2013


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, April 23, 2013, by electronic and/or ordinary mail.


 S/Sakne Chami                      
Case Manager, (313) 234-5160